**UNITED STATES of America,** Appellee,

v.

**Daniel EGIPCIACO, Defendant–Appellant.**

No. 07–0690–cr.

United States Court of Appeals, Second Circuit.

July 17, 2008.

James E. Neuman, New York, NY, for Appellant.

Neil M. Barofsky (Michael J. Garcia, United States Attorney for the Southern District of New York, on the brief, Celeste L. Koeleveld, of counsel), United States Attorney's Office for the Southern District of New York, New York, NY, for Appellee.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, Hon. ROSEMARY S. POOLER, Circuit Judge, Hon. JANE A. RESTANI,* Judge.

## SUMMARY ORDER

Defendant–Appellant Daniel Egipciaco appeals from a judgment of conviction entered on February 7, 2007, in the United States District Court for the Southern District of New York (Koeltl, *J.*). Egipciaco was convicted after a jury trial of conspiracy to commit armed robbery, in violation of 18 U.S.C. § 1951, conspiracy to distribute five kilograms or more of cocaine, in violation of 21 U.S.C. § 846, using and carrying a firearm in relation to, and in furtherance of, the conspiracy to commit armed robbery, in violation of 18 U.S.C. §§ 924(c)(1)(A)(i) & (2), and possession of a firearm after a felony conviction, in violation of 18 U.S.C. § 922(g). Egipciaco was sentenced principally to 25 years' imprisonment. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

Proof at trial established that Jimmy Burgos, a confidential informant, contacted one "Junior" about the opportunity to rob a Colombian drug dealer of eight kilograms of cocaine, that Junior referred Burgos to Egipciaco, who agreed to carry out the robbery with the aid of his co-

---

* The Honorable Jane A. Restani, Chief Judge of the United States Court of International Trade, sitting by designation.

defendant, Leo Williamson (and an unidentified co-conspirator) and that Egipciaco was arrested at the site of the putative robbery.

■ 1. Egipciaco argues that the evidence was insufficient to support his conviction for conspiracy to distribute cocaine. A defendant challenging the sufficiency of the evidence "bears a heavy burden." *United States v. Griffith*, 284 F.3d 338, 348 (2d Cir.2002). "Not only must the evidence be viewed in the light most favorable to the government and all permissible inferences drawn in its favor, but if the evidence, thus construed, suffices to convince any rational trier of fact of the defendant's guilt beyond a reasonable doubt," the conviction must stand. *United States v. Martinez*, 54 F.3d 1040, 1042 (2d Cir. 1995) (internal citations omitted).

Egipciaco contends that the evidence showed no more than his agreement to distribute cocaine with Burgos, which is insufficient for a conviction under *United States v. Hendrickson*, 26 F.3d 321 (2d Cir.1994). *See id.* at 333 ("[I]t is axiomatic that no conspiratorial agreement exists unless at least two culpable co-conspirators agree, and consequently, the defendant's agreement must be with someone other than a government agent or informant.").

A reasonable jury could find that Egipciaco conspired to distribute cocaine with Williamson. *See United States v. Snow*, 462 F.3d 55, 68 (2d Cir.2006) ("[W]here the government presents evidence tending to show that the defendant was present at a crime scene under circumstances that logically support an inference of association with the criminal venture, a reasonable juror could conclude the defendant was a knowing and intentional criminal conspirator." (internal quotation marks omitted)). During a recorded conversation in which Egipciaco and Burgos discussed the robbery scheme in the presence of Williamson, Burgos asked whether Williamson was one of Egipciaco's "partners." Egipciaco responded, "Yeah.... [H]e really knows what he is doing." At trial, Burgos testified that Williamson was "into the conversation," nodding when Burgos addressed the specifics of "ripping off or how things were going to be done." Those specifics included how to split up the drug proceeds of the robbery, which could lead a reasonable jury to find that Egipciaco and Williamson conspired to distribute cocaine. 21 U.S.C. § 802(11) (defining "distribute" to mean "to deliver"); *id.* § 802(8) (defining "delivery" to mean "the actual, constructive, or attempted transfer of a controlled substance"); *cf. United States v. Swiderski*, 548 F.2d 445, 450 (2d Cir. 1977) (holding that "where two individuals simultaneously and jointly acquire possession of a drug for their own use, intending only to share it together, their only crime is personal drug abuse simple joint possession," so long as they lack "any intent to distribute the drug further").

"Moreover, parties can conspire through a non-conspiring intermediary, even a government informant." *United States v. Bicaksiz*, 194 F.3d 390, 399 (2d Cir.1999) (citing *United States v. Medina*, 32 F.3d 40, 44–45 (2d Cir.1994)). We agree with the district court that the "jury could conclude that Junior and Egipciaco agreed, either directly with each other or through Burgos, to commit the robbery and thereby obtain narcotics for the purpose of distribution, and that each was to receive a share of the drug proceeds of the robbery." *United States v. Egipciaco*, 2006 WL 928638, at *6 (S.D.N.Y. Apr.7, 2006). In his first meeting with Burgos, Junior called Egipciaco to say that "something good was up," in reference to the robbery opportunity. Later, Egipciaco told Burgos that he had spoken with Junior about the plan to rob a drug dealer; Burgos, in turn,

told Egipciaco that he intended to transfer one kilogram of his share of the loot to Junior. This evidence would permit a rational jury to find that Egipciaco conspired with Junior (through Burgos) to distribute cocaine.

■ 2. Egipciaco argues that his due process and Sixth Amendment rights were violated when Burgos testified to Junior's statement that "he had worked with [Egipciaco] before; that he would do it; that it wouldn't be a problem." "Objections to admission of hearsay statements are reviewed for clear error." *United States v. Desena*, 260 F.3d 150, 157 (2d Cir.2001).

Burgos testified that after he proposed the robbery scheme, Junior made the challenged statement and then called Egipciaco (in Burgos's presence) to say that "something good was up." Based on this evidence, the District Court found that a "joint venture" existed between Junior and Egipciaco to "do jobs that Junior brought," *i.e.*, robberies and drug deals, and that the challenged statement was made in furtherance of that joint venture, "in order to get the transaction that Burgos was proposing." Neither finding was clearly erroneous. Accordingly, we decline to disturb the District Court's ruling that Junior's statement was that of Egipciaco's co-conspirator and therefore was not hearsay under Federal Rule of Evidence 801(d)(2)(E).

3. Egipciaco's conviction of conspiracy to distribute more than five kilograms of cocaine subjected him to a 20-year mandatory minimum sentence. 21 U.S.C. § 841(b)(1)(A). Egipciaco argues that the mandatory minimum sentence was dictated by the drug quantity referenced by the government (through Burgos, its confidential informant), and therefore runs afoul of his due process rights and the separation of powers doctrine.

This claim implicates the concepts of sentencing manipulation and sentencing entrapment. *See United States v. Gomez*, 103 F.3d 249, 256 (2d Cir.1997) (" 'Sentencing manipulation' has been described as occurring 'when the government engages in improper conduct that has the effect of increasing the defendant's sentence.' ") (quoting *United States v. Okey*, 47 F.3d 238, 240 (7th Cir.1995)); *United States v. Knecht*, 55 F.3d 54, 57 (2d Cir.1995) ("An entrapment defense normally requires that a defendant convince the fact-finder that government agents induced her to commit an offense that she was not otherwise predisposed to commit." (internal quotation marks omitted)). As of this time, we have recognized neither concept, *see United States v. Caban*, 173 F.3d 89, 93 n. 1 (2d Cir.1999), and decline to do so on the facts presented here.

For the reasons set forth above, the judgment of the district court is hereby **AFFIRMED.**